NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12079

COMMONWEALTH  vs.  WAYNE L. RUFFIN.


August 9, 2016.


Controlled Substances.  Practice, Criminal, Plea, New trial,
     Conduct of government agents, Presumptions and burden of
     proof.  Evidence, Guilty plea, Certificate of drug
     analysis, Presumptions and burden of proof.



     On July 26, 2007, the defendant, Wayne L. Ruffin, pleaded
guilty to two counts of distribution of cocaine, in violation of
G. L. c. 94C, §§ 32A and 32E.  Two other counts, alleging drug
violations near a school zone or park, in violation of G. L.
c. 94C, § 32J, were dismissed.  Thereafter, on October 3, 2007,
the substances were tested at the William A. Hinton State
Laboratory Institute, and Annie Dookhan was one of the two
"assistant analysts" who signed the certificates of drug
analysis (drug certificates).  Years later, after Dookhan's
misconduct had been discovered, see generally Commonwealth v.
Scott, 467 Mass. 336 (2014), the defendant unsuccessfully moved
for a new trial, seeking to vacate his guilty pleas on the
ground of Dookhan's misconduct.  The defendant appeals from the
denial of that motion, as well as his renewed motion for a new
trial.  We affirm.

     Consistent with due process considerations, a guilty plea
may be accepted only when it is "intelligently and voluntarily
made."  Scott, 467 Mass. at 345, quoting Commonwealth v. Furr,
454 Mass. 101, 106 (2009).  A plea may be defective, for
example, where it has been "involuntarily induced by government
misconduct that since has been discovered."  Scott, supra at
345-346.  In this case, the defendant contends that his pleas
were not "knowing and voluntary" because he was unaware at that

time of the pleas of Dookhan's misconduct or that she would eventually test the alleged controlled substances in his cases. The motion judge properly rejected the argument.  Where governmental misconduct is alleged in circumstances such as these, we have applied the two prong-analysis of Ferrara v. United States, 456 F.3d 278, 290 (1st Cir. 2006).  See Scott, supra at 346.  The first prong has three parts.  "[T]the defendant first must show that egregious government misconduct preceded the entry of his guilty plea and that it is the sort of conduct that implicates the defendant's due process rights" (emphasis added).  Id. at 347.  Under the second part, the defendant must establish that the "egregious misconduct was undertaken 'by government agents' prior to the entry of the defendant's guilty plea" (emphasis added).  Id. at 348.  The third part requires a defendant to show a nexus between the government misconduct and the defendant's own case.  Id. at 350. If all three parts of the first prong are satisfied, the second prong of Ferrara requires a defendant to particularize the governmental "misconduct to his decision to tender a guilty plea."[1]  Id. at 354.

Scott involved a drug certificate that, unlike the certificate in this case, antedated the defendant's guilty plea. Because of the unprecedented scope of Dookhan's misconduct, we focused on and recognized that the requisite nexus might be "impossible for the defendant to show."  Scott, 467 Mass. at 351.  For that reason, we held that "in cases in which a defendant seeks to vacate a guilty plea under Mass. R. Crim. P. 30 (b)[, as appearing in 435 Mass. 1501 (2001),] as a result of the revelation of Dookhan's misconduct, and where the defendant proffers a drug certificate from the defendant's case signed by Dookhan on the line labeled 'Assistant Analyst,' the defendant is entitled to a conclusive presumption that egregious government misconduct occurred in the defendant's case."  Id. at 352.  Underlying that presumption, however, is the assumption that the misconduct evidenced by the certificate antedated the guilty plea.

Where a drug certificate signed by Dookhan postdates the defendant's guilty plea, the underlying assumption of Scott is absent.  The Scott presumption exists to relieve defendants of "costly administrative burden[s]," see Scott, 467 Mass. at 353, because "the only reliable and available basis . . . to assess whether Dookhan's wrongful conduct touched the defendant's case"

---

[1] The defendant did not file his own affidavit in support of his motion to vacate his guilty pleas.

is contained in the drug certificate.  Id.  Where certificates indicate that Dookhan analyzed the drugs in the defendant's case after the plea proceedings were concluded, even presuming misconduct occurred at that time, her involvement cannot be said presumptively and retroactively to have induced the defendant's plea months earlier.  For the presumption articulated in Scott to apply, it is incumbent on the defendant to establish that the presumptive governmental misconduct antedated the plea.  See id. (where certificate antedated plea, "furnishing a drug certificate signed by Annie Dookhan as an assistant analyst in the defendant's case satisfies the defendant's evidentiary burden to establish each element of the first prong of the Ferrara analysis").  In this case, the defendant failed to satisfy his evidentiary burden with respect to the first prong of Ferrera.

The serendipitous assignment of Dookhan as one of two chemists who tested the alleged controlled substances in the defendant's cases -- after his pleas had been accepted and he had been sentenced -- does not give rise to a presumptive basis for vacating the guilty pleas.  There being no basis to find that any governmental misconduct occurred in his case prior to the acceptance of his pleas, or that any governmental misconduct rendered the defendant's guilty pleas unintelligent or involuntary, the motion judge properly declined to vacate the guilty pleas.

> Order denying motion for
> a new trial affirmed.

Alexandra H. Deal for the defendant.
Laurie S. Yeshulas, Assistant District Attorney, for the Commonwealth.